GRIFFITH, Circuit Judge,
concurring in part and concurring in the judgment:
I would also reverse the district court and join fully Parts I and III of the court’s opinion. I write separately because I disagree with the probable cause standard the majority uses in Part II. As Supreme Court precedent affirms, the Fourth Amendment requires an individualized showing of probable cause before arrest. The majority unnecessarily calls into question the heretofore straightforward application of that standard in this circuit.
I.
The Fourth Amendment provides, in relevant part, “The right of the people to be secure in their persons ... against unreasonable ... seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons or things to be seized.” U.S. Const, amend. IV. Explaining the Fourth Amendment’s requirement of a particularized showing of probable cause, the Supreme Court in Ybar)"a v. Illinois stated that “a search or seizure of a person must be supported by probable cause particularized with respect to that person.” 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Similarly, the Court in Maryland v. Pringle emphasized that “the belief of guilt must be particularized with respect to the person to be searched or seized.” 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003). In other words, the police must have a reasonable and particularized belief that each individual arrested committed a crime. As the Ybarra Court made clear, “This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another.” 444 U.S. at 91, 100 S.Ct. 338. Before today, our ease law did not suggest “that one who has violated no law may be arrested for the offenses of those who have been violent or obstructive.” Wash. Mobilization Comm. v. Cullinane, 566 F.2d 107, 120 (D.C.Cir.1977). Today’s decision suggests just that.
Describing what must precede an arrest when a crowd of political demonstrators has gotten out of hand, the majority creates a standard of probable cause less *413 demanding than Ybarra and Pringle for circumstances in which the police cannot say anything more than the arrested person was part of a group some of whose members were rioting. “Police witnesses,” the majority concludes, “must only be able to form a reasonable belief that the entire crowd is acting as a unit and therefore all members of the crowd violated the law.” Op. at 408. By this standard, the police are permitted to conclude that all members of the crowd were breaking the law, not because of a particularized showing that each of its members was rioting, but because of an officer’s “reasonable belief that the entire crowd is acting as a unit.” Id.
It is far from clear what the majority means when it speaks of a “crowd ... acting as a unit.” I would have no quarrel with the majority’s approach if it meant there must be probable cause that every individual in the crowd acted in concerted lawlessness with the rest of the group. But the majority refuses to ask this of the police. Not only does the majority avoid the language of Ybarra and Pringle calling for particularized probable cause that the arrested person committed a crime, but it flatly rejects that standard in this case. The majority protests that “[a] requirement that the officers verify that each and every member of a crowd engaged in a specific riotous act would be practically impossible in any situation involving a large riot....” Id. The issue, however, is not what is practical but what the Fourth Amendment requires, and in this case the majority departs from the Supreme Court’s consistent instruction that individualized probable cause must precede arrest.
The majority takes the term “unit” from our decisions in Cullinane and Barham v. Ramsey, 434 F.3d 565 (D.C.Cir.2006), but neither of those cases suggests that the Fourth Amendment permits an arrest of a person based on anything less than particularized probable cause. Calling the group or crowd a “unit” does not alter the probable cause calculus. Police don’t arrest units. They arrest persons, and the Fourth Amendment requires they do so only upon an individualized determination that the person arrested acted unlawfully. The majority’s approach ultimately fails because whatever else it may mean to have a reasonable belief that a crowd acted “as a unit,” it cannot be the basis for the arrest of a member of that crowd, unless there is also a particularized showing that the person broke the law.
That the Fourth Amendment bars police from arresting a person solely because he or she is part of a group that includes others who have committed crimes should be undisputed. But the majority permits just that outcome. No case relied upon by the majority stands for the proposition for which this case will be cited: that police may lawfully execute mass arrests based upon assessments of group behavior and not upon particularized determinations about individual conduct. Because the Fourth Amendment demands more from the police than the majority requires, I cannot join Part II of the court’s opinion.
II.
The issue before the district court on plaintiffs’ motion for summary judgment was whether the police had probable cause to arrest every demonstrator on the basis of Officer Keller’s observations. By granting summary judgment, the district court erred in two ways.
First, the court disregarded a genuinely disputed issue of material fact. “A genuine issue of fact derives from the ‘evidence [being] such that a reasonable jury could return a verdict for the nonmoving party’ ... resolving all ambiguities and drawing *414 all factual inferences in favor of the non-moving party.” Moore v. Hartman, 571 F.3d 62, 66 (D.C.Cir.2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Keller said he saw every member of the crowd commit the crime of rioting. His statements on this point were unequivocal:
— “Each time a window was broken, the group cheered and its members raised their arms.”
— “It appeared that the entire group was engaging in the celebrations as they moved.... ”
— “The mob then cheered and its members raised their arms in celebration.”
— “Someone in the group hurled a rock or brick through the window of [the Metropolitan Police Department’s Latino Liaison Unit] Office ... which was once again followed by loud cheering and arm waving from what appeared to be everyone in the group. I could see and hear this clearly from inside Cruiser 18....”
Decl. of Patrick Keller ¶ 6 (Feb. 26, 2008). Not surprisingly, plaintiffs denied they engaged in rioting, thus disputing that Keller observed every member of the crowd. See, e.g., Plaintiffs’ Motion for Partial Summary Judgment on Liability at 5-6, Carr v. District of Columbia, 565 F.Supp.2d 94 (D.D.C.2008) (“[T]he police had no evidence identifying particular individuals who had engaged in the criminal acts.”). The legal issue — whether there was particularized probable cause to arrest plaintiffs — turns on whether Keller did see every individual in the crowd commit a crime.
The assertion that one officer could see each of the 300 individual marchers is audacious. Regardless, in considering plaintiffs’ motion for summary judgment, it was error for the district court not to view Keller’s statements in the light most favorable to the District. “Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.” Liberty Lobby, 477 U.S. at 255, 106 S.Ct. 2505. Keller says he saw each person in the march celebrate acts of violence. Because it is possible that a reasonable jury could credit his testimony, the district court erred by failing to take Officer Keller at his word.
Second, the district court incorrectly held that Keller’s testimony was insufficient as a matter of law because it failed to establish the particularity called for in Ybarra. The court concluded, “These kinds of generalized statements are legally insufficient to establish probable cause.... Nowhere does the District make any effort to ascribe misdeeds to the specific individuals arrested.” Carr v. District of Columbia, 565 F.Supp.2d 94, 100 (D.D.C.2008) (internal quotation marks and citation omitted). To the contrary, Keller’s statements accomplish precisely what the district court concluded they did not. Keller ascribed misdeeds to the specific individuals arrested. He said he saw every member of the crowd commit a crime. In light of Keller’s clear testimony about the criminal misconduct of each person in the crowd, the district court should not have granted summary judgment.
Ruling on this narrow ground corrects the district court’s error without suggesting police may conduct mass arrests without individualized probable cause.